**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
Attorney for Plaintiff

ASHLEY M. WILLIAMS
Arizona Bar No. 030233
ashleyw@phillipsdayeslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Karl Silver and Angela Mercedes Silver, husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>North Star Services, Inc., an Arizona Corporation; Richard Leopold and Janet Leopold, husband and wife,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff alleges:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at §207(a).

2. For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

3. For at least one (1) year prior to the filing of this action, Plaintiff worked at least fifteen (15) hours in excess of forty (40) hours per week and was not paid time and a half.

4. For at least one (1) year prior to this action, Plaintiff was not compensated for regular time he worked as well; upwards of seventy (70) hours per two week pay period.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

6. Plaintiff also seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to A.R.S. §§ 12-123 and 12-401 and 29 U.S.C. §216(b).

8. Venue is proper under A.R.S. § 12-401 as the events giving rise to these causes of action occurred in Maricopa County.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of

Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

11. At all times material hereto, Northstar Services, Inc., was incorporated in the State of Arizona and has its principal place of business in Scottsdale, Arizona.

12. Upon information and belief, at all times material hereto, Defendant Richard Leopold, was and continues to be a resident of Maricopa County, Arizona.

13. Upon information and belief, at all times material hereto, Defendant Janet Leopold, was and continues to be a resident of Maricopa County, Arizona.

14. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Leopold were and are the owners of Northstar Services, Inc.

15. Defendants have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. §203(e)(1).

17. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendants

18. At all relevant times, Defendants were and continue to be an employer as defined in 29 U.S.C. § 203(d).

19. On information and belief, Defendants Leopold are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Defendant Northstar Services, Inc. for all matters.

20. At all times material to this action, Northstar Services, Inc. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

21. Upon information and belief, at all relevant times, the annual gross revenue of Northstar Services, Inc. exceeded $500,000.00.

## FACTUAL BACKGROUND

22. Defendants specialize in providing plumbing and air conditioning/heating services.

23. Defendants hired as a non-exempt hourly paid plumber from November 7, 2012 through February 19, 2013.

24. Plaintiff's job responsibilities included responding to service calls from North Star Customers.

25. Plaintiff was paid at a rate of $18.00 per hour.

26. In order to calculate hours worked, Plaintiff was to call in when he arrived to a job sight and when he left a job site.

27. Plaintiff was not paid for travel time between service sights in the same day.

28. Plaintiff was also required to travel to the maintenance shop to pick up materials, equipment and instructions for jobs which need to be completed.

29. Plaintiff was not paid for the time he traveled to the maintenance shop for these

reasons.

30. Plaintiff was not paid for his time while at the shop preparing for service calls.

31. Plaintiff regularly worked approximately ten to twenty (10-20) hours of overtime per week.

32. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLDA were/was willful.

33. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

34. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

36. While employed by Defendants, Plaintiff consistently and regularly worked tens of hours of overtime a week.

37. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

38. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

39. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

40. Under 29 U.S.C. §216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

41. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

42. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

43. Defendants have not made a good faith effort to comply with the FLSA.

44. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work at Northstar Services, Inc.;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## FAILURE TO PAY WAGES

45. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

46. From November 7, 2012 through February 19, 2013, Plaintiff regularly worked approximately ten to twenty (10-20) hours of overtime per week.

47. Defendant routinely paid Plaintiff for only 40 hours per week.

48. Upon information and belief, Plaintiff was not paid compensation for hours worked over forty in weeks he was not exempt as a commission based employee.

49. Upon information and belief, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. §23-350) at Plaintiff's regular rate of pay while Defendant employed Plaintiff.

50. Upon information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

51. Pursuant to A.R.S. §23-355, Plaintiff is entitled to an award of treble the amount calculated above.

52. Pursuant to, *inter alia,* A.R.S. §12-341.01, Plaintiff is entitled to an award of his

attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff regular compensation in the amount due to him for all of Plaintiff's time worked that was not compensated for while at work for Defendants.

    b. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. §12-341.01.

    d. For Plaintiff's costs incurred in this action.

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date of the payment dye for that pay period until paid in full.

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

    g. Ordering any other and further relief as the Court deems just and proper.

### COUNT THREE
### DECLATORY JUDGMENT

53. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

54. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending.

55. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201-2202.

56. Plaintiff may obtain declaratory relief.

57. Defendant employed Plaintiff.

58. Defendant is an enterprise covered by the FLSA.

59. Plaintiff was individual covered by the FLSA.

60. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

61. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

62. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

63. Plaintiff is entitled to his regular wages pursuant to A.R.S. §23-350 et al.

64. Plaintiff is entitled to an amount of treble damages in violation of A.R.S. §23-355.

65. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

66. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    h. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA

i. For Plaintiff's costs incurred in this action.

j. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

k. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  July 5, 2013                    Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

　　/s/ Ashley M. Williams
Ashley M. Williams
Ashleyw@phillipsdayeslaw.com
Attorney for Plaintiff